FILED
US DISTRICT COURT
WESTERN DISTRICT
OF ARKANSAS
Nov 30, 2018
OFFICE OF THE CLERK

IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
EL DORADO DIVISION

TIARA TURNER, Individually and on  　　　　　　　　　　　PLAINTIFF
Behalf of All Others Similarly Situated

vs.　　　　　　　　　　No. 1:18-cv-__1072__

CONCENTRIX SERVICES US, INC., and　　　　　　　　　　DEFENDANTS
CONCENTRIX CORPORATION

### ORIGINAL COMPLAINT – CLASS AND COLLECTIVE ACTION

COMES NOW Plaintiff Tiara Turner ("Plaintiff"), individually and on behalf of all others similarly situated, by and through her attorneys Sean Short and Josh Sanford of the Sanford Law Firm, PLLC, and for her Original Complaint – Class and Collective Action against Defendants Concentrix Services US, Inc., and Concentrix Corporation ("Defendants"), she does hereby state and allege as follows:

### I. PRELIMINARY STATEMENTS

1. This is a class and a collective action brought by Tiara Turner, individually and on behalf of all hourly-paid workers employed by Defendants at any time within a three-year period preceding the filing of this Complaint.

2. Plaintiff bring this action under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA") and the Arkansas Minimum Wage Act, Ark. Code Ann. § 11-4-201, *et seq.* ("AMWA"), for declaratory judgment, monetary damages, liquidated damages, prejudgment interest, and costs, including reasonable attorneys' fees, as a result of Defendants' failure to pay Plaintiff and other hourly-paid employees lawful overtime compensation for hours worked in excess of forty (40) hours per week.

3. Upon information and belief, for at least three (3) years prior to the filing of this Complaint, Defendants have willfully and intentionally committed violations of the FLSA and the AMWA as described, *infra*.

## II. JURISDICTION AND VENUE

4. The United States District Court for the Western District of Arkansas has subject matter jurisdiction over this suit under the provisions of 28 U.S.C. § 1331 because this suit raises federal questions under the FLSA.

5. This complaint also alleges AMWA violations, which arise out of the same set of operative facts as the federal cause of action herein alleged; accordingly, this state cause of action would be expected to be tried with the federal claim in a single judicial proceeding. Therefore, this Court has supplemental jurisdiction over Plaintiffs' AMWA claims pursuant to 28 U.S.C. § 1367(a).

6. Defendants conduct business within the State of Arkansas, contracting with individuals throughout the State to provide customer service support.

7. Plaintiff was employed by Defendants in Camden.

8. The acts alleged in this Complaint had their principal effect within the El Dorado Division of the Western District of Arkansas, and venue is proper in this Court pursuant to 28 U.S.C. § 1391.

## III. THE PARTIES

9. Plaintiff repeats and re-alleges all the preceding paragraphs of this Complaint as if fully set forth in this section.

10. Plaintiff Tiara Turner is a resident and domiciliary of the State of Arkansas, who worked for Defendants from approximately December of 2016 until November 14, 2018, as an at-home customer service representative.

11. At all times material herein, Plaintiff has been entitled to the rights, protections and benefits provided under the FLSA and the AMWA.

12. Defendant Concentrix Services US, Inc. ("Concentrix Services"), is a foreign for-profit corporation, registered to do business in the State of Arkansas, with a principal address of 2006 Wade Hampton Blvd., Greenville, South Carolina 29615.

13. Concentrix Services has employees that handle, sell, or otherwise work on goods or materials that have been moved in or produced for commerce, such as computer equipment and computer software food.

14. At all relevant times, Concentrix Services continuously employed at least four (4) employees.

15. At all relevant times, Defendant Concentrix Services' gross volume of sales made or business done has exceeded $500,000.00 per year.

16. Concentrix Services' registered agent for service of process is The Corporation Company, 124 West Capitol Avenue, Suite 1900, Little Rock, Arkansas 72201.

17. Defendant Concentrix Corporation ("Concentrix Corporation"), is a New York for-profit corporation with its principal place of business located in Fremont, California.

18. Concentrix Corporation agent for service of process is The Corporation Company, 124 West Capitol Avenue, Suite 1900, Little Rock, Arkansas 72201.

19. Concentrix Corporation's annual gross volume of sales made or business done is not less than $500,000.00.

20. Concentrix Corporation has employees engaged in interstate commerce.

21. Concentrix Corporation has employees that handle, sell, or otherwise work on goods or materials that have been moved in or produced for commerce, such as computer equipment and computer software food.

22. Concentrix Corporation has more than four (4) employees.

23. Upon information and belief, Concentrix Corporation controls or has the right to control the day-to-day operations of Concentrix Services such that it is liable to Plaintiff as an employer under the FLSA.

24. Defendants constitute an integrated enterprise because Defendants' related activities of jointly owning and operating teams of at-home customer service representative are for a common purpose within the meaning of the FLSA, 29 U.S.C. § 203(r).

25. Defendants acted jointly as the employer of Plaintiff and the proposed collective and class members and have been engaged in interstate commerce as that term is defined under the FLSA and the AMWA at all times relevant to this lawsuit.

### IV. FACTUAL ALLEGATIONS

26. Plaintiff repeats and re-alleges all previous paragraphs of this Complaint as if fully set forth in this section.

27. Plaintiff worked for Defendants from approximately December of 2016 until November 14, 2018, as an at-home customer service representative from her residence in Camden.

28. Plaintiff and other at-home customer service representatives were paid an hourly rate by Defendants.

29. Plaintiff and other at-home customer service representative were responsible for handling in bound customer service and troubleshooting calls on behalf on Defendants' clients.

30. To carry out, effectuate and complete her assigned work tasks, Plaintiff, and Defendants' other at-home customer service representatives, are required to use multiple computer programs, software programs, servers and applications, in the course of performing their job duties. These programs, servers and applications are an integral and important part of their work because they cannot perform their jobs without them.

31. Defendants' failed to pay Plaintiff and their other at-home customer service representatives for off-the-clock work performed prior to the beginning of their scheduled shifts, during their unpaid 30-minute meal breaks, and after the end of their scheduled shifts.

32. Specifically, Plaintiff and other at-home customer service representatives are required to start-up and log-in to various secure computer programs, software programs, and applications in order to access information and software. The start-up and log-in process takes substantial time on a daily basis with said time ranging from 10 to 15 minutes per day, or even as much as 30 minutes if technical issues arise.

33. Plaintiff and other at-home customer service representatives are not actually "clocked in" for their shifts until after the computer start up and log-in process is complete and after they log into the applicable programs, software, and applications,

meaning that Plaintiff and other at-home customer service representatives work at least 10 to 15 minutes each per shift that they are never compensated for.

34. During their unpaid 30-minute meal breaks Plaintiff and other at-home customer service representatives are not allowed to clock-in until a full thirty minutes have passed once they have clocked out to begin their meal break.

35. Plaintiff and other at-home customer service representatives are required to spend off-the-clock time opening and logging back into the necessary applications and software programs in order to ensure they are able to take calls the moment the unpaid lunch period ends.

36. Plaintiff and other at-home customer service representatives are required to shut down and log-out of the computer programs, software programs, and applications they used during their shift after they log-out of Defendants' timekeeping system. The log-out and shutdown process takes substantial time on a daily basis with said time ranging from 10 to 15 minutes per day, or even as much as 30 minutes if technical issues arise.

37. Plaintiff and other at-home customer service representatives cannot begin the shutdown and log-out process until after they log-out of Defendants' timekeeping system right at the end of their scheduled shifts. Thus, Defendants failed to pay Plaintiff and other at-home customer service representatives for no less than 10 to 15 minutes per day in connection with their post-shift shutdown and log-out process.

38. Plaintiff and other at-home customer service representatives routinely worked more than forty (40) hours in a single workweek.

39. Defendants had a practice of not paying Plaintiff and other at-home customer service representatives one and one-half (1.5) times their regular rate for all hours worked in excess of forty (40) hours per workweek.

40. At all relevant times herein, Defendants have deprived Plaintiff and all others similarly situated of an overtime premium for all of the hours they worked in excess of forty (40) hours in a week.

41. Defendants knew, or showed reckless disregard for whether, the way they paid Plaintiff and all others similarly situated violated the FLSA and the AMWA.

## V. REPRESENTATIVE ACTION ALLEGATIONS

### A. FLSA § 216(b) Collective

42. Plaintiff repeats and re-alleges all the preceding paragraphs of this Complaint as if fully set forth in this section.

43. Plaintiff bring this claim for relief for violation of the FLSA as a collective action pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b).

44. Plaintiff bring their FLSA claim on behalf of all at-home customer service representatives employed by Defendants at any time within the applicable statute of limitations period, who were denied a proper overtime premium of one and one-half (1.5) times their regular rate for all hours worked in excess of forty (40) per week and who are entitled to payment of the following types of damages:

A. Payment for all hours worked, including payment of a lawful overtime premium for all hours worked for Defendants in excess of forty (40) hours in a workweek;

B. Liquidated damages; and

C. Attorneys' fees and costs.

45. In conformity with the requirements of FLSA Section 16(b), Plaintiff has attached hereto as Exhibit "A" her written Consent to Join this lawsuit.

46. The relevant time period dates back three (3) years from the date on which Plaintiff's Original Complaint—Class and Collective Action was filed and continues forward through the date of judgment pursuant to 29 U.S.C. § 255(a).

47. The members of the proposed FLSA Collective are similarly situated in that they share these traits:

A. They were paid hourly rates;

B. They recorded their time in the same manner; and

C. They were subject to Defendant's common practice of not paying a lawful overtime premium for all hours worked over forty (40) hours per work week.

48. The employment relationships between Defendants and every proposed FLSA Collective member are the same and differ only by name, location, and rate of pay. The key issues—the amount of uncompensated pre-shift start-up/log-in time, unpaid meal period time, and the amount of post-shift logout/shut-down time owed to each employee—do not vary substantially among the proposed FLSA Collective members.

49. Plaintiff is unable to state the exact number of the potential members of the FLSA Collective but believe that the group exceeds 1000 persons.

50. Defendants can readily identify the members of the Section 16(b) Collective. The names, physical addresses, electronic mailing addresses and phone numbers of the FLSA collective action members are available from Defendants, and a

Court-approved Notice should be provided to the FLSA collective action members via first class mail, email and text message to their last known physical and electronic mailing addresses and cell phone numbers as soon as possible, together with other documents and information descriptive of Plaintiff's FLSA claim.

### B. AMWA Rule 23 Class

51. Plaintiff brings this action on behalf of herself and all other similarly situated employees, former and present, who were and/or are affected by Defendants' willful and intentional violation of the AMWA pursuant to Rule 23 of the Federal Rules of Civil Procedure.

52. Plaintiff proposes to represent the class of at-home customer service representatives who are/were employed by Defendants within the relevant time period within the State of Arkansas.

53. Common questions of law and fact relate to all members of the proposed class, such as whether Defendants paid the members of the proposed class for all hours worked, including overtime in accordance with the AMWA.

54. Common questions of law and fact predominate over any questions affecting only the individual named Plaintiff, and a class action is superior to other available methods for fairly and efficiently adjudicating the claims of the members of the proposed AMWA class.

55. The class members have no interest in individually controlling the prosecution of separate actions because the policy of the AMWA provides a bright-line rule for protecting all non-exempt employees. To wit: "It is declared to be the public policy of the State of Arkansas to establish minimum wages for workers in order to

safeguard their health, efficiency, and general well-being and to protect them as well as their employers from the effects of serious and unfair competition resulting from wage levels detrimental to their health, efficiency, and well-being." Ark. Code Ann. § 11-4-202.

56. Plaintiff is unable to state the exact number of the potential members of the AMWA class but believes that the class exceeds 50 persons. Therefore, the class is so numerous that joinder of all members is impracticable.

57. At the time of the filing of this Complaint, neither Plaintiff nor Plaintiff's counsel knows of any litigation already begun in Arkansas by any members of the proposed class concerning the allegations in this Complaint.

58. Concentrating the litigation in this forum is highly desirable because Defendants do business in the Western District of Arkansas and because Plaintiff and all proposed class members work or worked in Arkansas.

59. No difficulties are likely to be encountered in the management of the class.

60. The claims of Plaintiff are typical of the claims of the proposed class in that Plaintiff was paid an hourly wage by Defendants and experienced the same violations of the AMWA that all other class members suffered.

61. Plaintiff and her counsel will fairly and adequately protect the interests of the class.

62. Plaintiff's counsel is competent to litigate Rule 23 class actions and other complex litigation matters, including wage and hour cases like this one, and to the extent, if any, that they find that they are not, they are able and willing to associate additional counsel.

63. Prosecution of separate actions by individual members of the class would create the risk of inconsistent or varying adjudications with respect to individual members of the class, establishing incompatible standards of conduct for Defendants.

## VI.   FIRST CLAIM FOR RELIEF
### (Individual Claim for Violation of the FLSA)

64. Plaintiff repeats and re-allege all previous paragraphs of this Complaint as if fully set forth in this section.

65. Plaintiff asserts this claim for damages and declaratory relief pursuant to the FLSA.

66. At all relevant times, Defendants have been, and continue to be, an enterprise engaged in commerce within the meaning of the FLSA, 29 U.S.C. § 203.

67. At all relevant times, Defendants were Plaintiff's "employer" within the meaning of the FLSA, 29. U.S.C. § 203.

68. 29 U.S.C. § 207 requires any enterprise engaged in commerce to pay all employees one and one-half (1.5) times their regular wage for all hours worked over forty (40) hours in a week, unless an employee meets certain exemption requirements of 29 U.S.C. § 213 and all accompanying Department of Labor regulations.

69. Despite the entitlement of Plaintiff to overtime payments under the FLSA, Defendants failed to pay Plaintiff an overtime rate of one and one-half (1.5) times her regular rates of pay for all hours worked over forty (40) in each one-week period.

70. Defendants' failure to pay Plaintiff overtime wages owed was willful.

71. By reason of the unlawful acts alleged herein, Defendants are liable to Plaintiff for monetary damages, liquidated damages, and costs, including reasonable

attorneys' fees, for all violations that occurred within the three (3) years prior to the filing of this Complaint.

72. Alternatively, should the Court find that Defendants acted in good faith in failing to pay Plaintiff as provided by the FLSA, Plaintiff is entitled to an award of prejudgment interest at the applicable legal rate.

### VII. SECOND CLAIM FOR RELIEF
### (Collective Action Claim for Violation of FLSA)

73. Plaintiff repeats and re-alleges all the preceding paragraphs of this Original Complaint as if fully set forth in this section.

74. Plaintiff brings this collective action on behalf of all other at-home customer service representatives employed by Defendants to recover monetary damages owed by Defendants to Plaintiff and members of the putative collective for unpaid overtime compensation for all the hours they worked in excess of forty (40) each week.

75. Plaintiff brings this action on behalf of herself and all other hourly-paid employees, former and present, who were and/or are affected by Defendants' willful and intentional violation of the FLSA.

76. 29 U.S.C. § 207 requires employers to pay employees one and one-half (1.5) times the employee's regular rate for all hours that the employee works in excess of forty (40) per week.

77. Like Plaintiff, other at-home customer service representatives regularly worked more than forty (40) hours in a week.

78. Defendants failed to pay these workers at the proper overtime rate for all hours worked in excess of forty (40) hours in a week, despite their entitlement thereto.

79. Because these employees are similarly situated to Plaintiff, and are owed overtime for the same reasons, the opt-in collective may be properly defined as:

**All at-home customer service representatives who worked within the past three (3) years.**

80. Defendants' conduct and practices, as described above, have been and continue to be willful, intentional, unreasonable, arbitrary and in bad faith.

81. By reason of the unlawful acts alleged in this Complaint, Defendants are liable to Plaintiff and all those similarly situated for, and Plaintiff and all those similarly situated seek, unpaid overtime wages, liquidated damages, and costs, including reasonable attorney's fees as provided by the FLSA.

82. Alternatively, should the Court find that Defendants acted in good faith in failing to pay Plaintiff and all those similarly situated as provided by the FLSA, Plaintiff and all those similarly situated are entitled to an award of prejudgment interest at the applicable legal rate.

### VIII. THIRD CLAIM FOR RELIEF
### (Individual Claim for Violation of the AMWA)

83. Plaintiff repeats and re-allege all previous paragraphs of this Complaint as if fully set forth in this section.

84. Plaintiff asserts this claim for damages and declaratory relief pursuant to the AMWA.

85. At all times relevant herein, Defendants were Plaintiff's "employer" within the meaning of the AMWA, Ark. Code Ann. § 11-4-203(4).

86. Arkansas Code Annotated § 11-4-211 requires employers to pay all employees one and one-half (1.5) times regular wages for all hours worked over forty

(40) hours in a week, unless an employee meets the exemption requirements of 29 U.S.C. § 213 and accompanying Department of Labor regulations.

87. Defendants failed to pay Plaintiff an overtime premium for all hours worked in excess of forty (40) hours in a week as required under the AMWA.

88. Despite the entitlement of Plaintiff to payment of lawful overtime payments under the AMWA, Defendants failed to pay Plaintiff a lawful overtime premium.

89. Defendants' conduct and practices, as described above, were willful, intentional, unreasonable, arbitrary and in bad faith.

90. By reason of the unlawful acts alleged herein, Defendants are liable to Plaintiff for, and Plaintiff seeks, monetary damages, liquidated damages, prejudgment interest, civil penalties and costs, including reasonable attorney's fees as provided by the AMWA.

91. Alternatively, should the Court find the Defendants acted in good faith in failing to pay Plaintiff as provided by the AMWA, Plaintiff is entitled to an award of prejudgment interest at the applicable legal rate.

### IX.   FOURTH CLAIM FOR RELIEF
(Class Action Claim for Violation of the AMWA)

92. Plaintiff repeats and re-alleges all previous paragraphs of this Complaint as though fully incorporated in this section.

93. Plaintiff, individually and on behalf of the members of the proposed class, asserts this claim for damages and declaratory relief pursuant to the AMWA.

94. At all relevant times, Defendants have been an "employer" of Plaintiff and the members of the proposed class within the meaning of the AMWA, Arkansas Code Annotated § 11-4-203(4).

95. Arkansas Code Annotated §§ 11-4-210 and 211 require employers to pay all employees a minimum wage for all hours worked up to forty (40) in one week and to pay one and one-half (1.5) times regular wages for all hours worked over forty (40) hours in a week, unless an employee meets the exemption requirements of 29 U.S.C. § 213 and accompanying Department of Labor regulations.

96. Defendants classified Plaintiff and members of the proposed class as non-exempt from the overtime requirements of the AMWA.

97. Despite the entitlement of Plaintiff and the members of the proposed class to overtime payments under the AMWA, Defendants failed to pay Plaintiff and the members of the proposed class an overtime rate of one and one-half (1.5) times their regular rates of pay for all hours worked over forty (40) per workweek.

98. Plaintiff proposes to represent the AMWA liability class of individuals defined as follows:

**All Arkansas at-home customer service representatives within the past three (3) years.**

99. Defendants' conduct and practices, as described above, were willful, intentional, unreasonable, arbitrary and in bad faith.

100. By reason of the unlawful acts alleged herein, Defendants are liable to Plaintiff and the proposed class for monetary damages, liquidated damages, costs, and a reasonable attorney's fee provided by the AMWA for all violations which occurred within the three (3) years prior to the filing of this Complaint, plus periods of equitable tolling.

101. Alternatively, should the Court find that Defendants acted in good faith in failing to pay Plaintiff and members of the proposed class as provided by the AMWA,

Plaintiff and members of the proposed class are entitled to an award of prejudgment interest at the applicable legal rate.

## IX. PRAYER FOR RELIEF

WHEREFORE, premises considered, Plaintiff Tiara Turner, individually and on behalf of all others similarly situated, respectfully prays as follows:

A. That each Defendant be summoned to appear and answer this Complaint;

B. That Defendants be required to account to Plaintiff, the collective action members and the Court for all of the hours worked by them and all monies paid to them;

C. A declaratory judgment that Defendants' practices alleged herein violate the FLSA and attendant regulations at 29 C.F.R. §516 *et seq.*;

D. A declaratory judgment that Defendants' practices alleged herein violate the AMWA and the related regulations;

E. Certification of, and proper notice to, together with an opportunity to participate in the litigation, all qualifying current and former employees;

F. Judgment for damages for all unpaid overtime compensation under the FLSA and attendant regulations at 29 C.F.R. §516 *et seq.*;

G. Judgment for damages for all unpaid overtime compensation under the AMWA and the related regulations;

H. Judgment for liquidated damages pursuant to the FLSA and attendant regulations at 29 C.F.R. §516 et seq., in an amount equal to all unpaid overtime compensation;

I. Judgment for liquidated damages pursuant to the AMWA and the related regulations;

J. For a reasonable attorney's fee, costs and pre-judgment interest; and

K. Such other and further relief as this Court may deem necessary, just and proper.

        Respectfully submitted,

        **TIARA TURNER, Individually and on Behalf of All Others Similarly Situated, PLAINTIFF**

        SANFORD LAW FIRM, PLLC
        One Financial Center
        650 South Shackleford, Suite 411
        Little Rock, Arkansas 72211
        Telephone: (501) 221-0088
        Facsimile: (888) 787-2040

        _____
        Sean Short
        Ark. Bar No. 2015079
        sean@sanfordlawfirm.com

        _____
        Josh Sanford
        Ark. Bar No. 2001037
        josh@sanfordlawfirm.com