IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
EL DORADO DIVISION

TIARA TURNER, Individually and on
Behalf of All Others Similarly Situated                                      PLAINTIFF

v.                              Civil No. 1:18-cv-1072

CONCENTRIX SERVICES US, INC. and
CONCENTRIX CORPORATION                                                       DEFENDANTS

**ORDER**

Before the Court is Defendants' Motion to Dismiss Plaintiff's Class and Collective Action Claims. ECF No. 9. Plaintiff has filed a response. ECF No. 11. Defendants have filed a reply. ECF No. 15. The matter is fully briefed and ripe for the Court's consideration.

Plaintiff is a former hourly paid employee of Defendants who worked as an at-home customer service representative. On November 30, 2018, Plaintiff filed a class action complaint alleging that Defendants violated the Fair Labor Standards Act ("FLSA") and the Arkansas Minimum Wage Act ("AMWA") by failing to pay hourly paid at-home customer service representatives for off-the-clock work performed prior to the beginning of their scheduled shifts, during their unpaid thirty-minute meal breaks, and after the end of the scheduled shift. Seeking recovery of unpaid overtime, Plaintiff brings her FLSA and AMWA claims individually and on behalf of "[a]ll at-home customer service representatives who worked within the past three (3) years." ECF No. 1, ¶¶ 79, 98.

On September 19, 2016, over two years prior to the filing of Plaintiff's complaint in this Court, Ashley Armstrong filed a complaint in the Northern District of California, *Armstrong v. Concentrix Corporation*, No. 3:16-cv-05363-WHO (the "California action"). Armstrong filed the

complaint individually and on behalf of all current and former hourly at-home customer service representatives from September 19, 2013, through judgment. The complaint was filed against Concentrix Corporation, and Armstrong alleged that Concentrix Corporation failed to pay hourly paid at-home customer service representatives for off-the-clock work performed prior to the beginning of scheduled shifts, during their unpaid thirty-minute lunch breaks, and after the end of their scheduled shifts. The district court conditionally certified a collective of employees that worked for Concentrix from December 14, 2015, through judgment. A settlement was reached on all claims. On December 6, 2018, the district court entered an order approving the FLSA collective action settlement and dismissing the action with prejudice.

In the present motion, Defendants move the Court to dismiss Plaintiff's class and collective action claims pursuant to the first-to-file rule. In order to conserve judicial resources and avoid conflicting rulings, the first-to-file rule gives priority, for purposes of choosing among possible venues when parallel litigation has been instituted in separate courts, to the party who first establishes jurisdiction. *Nw. Airlines, Inc. v. Am. Airlines, Inc.*, 989 F.2d 1002, 1006 (8th Cir. 1993). The first-to-file rule yields to the interests of justice and is not applied when a court finds "compelling circumstances" supporting its abrogation. *Id.* In determining whether to apply the first-to-file rule, courts may use their discretions. *See id.*

Defendants argue that the present case should be dismissed because a similar lawsuit—the California action—is still pending. Defendants have identified some district courts that have applied the first-to-file rule to FLSA collective actions and dismissed the later-filed FLSA collective action where the later-filed lawsuit is identical or nearly identical to the first. ECF No. 10, p. 3. Plaintiff argues in response that the first-to-file rule does not apply when the potential

plaintiffs in the second-filed collective action are no longer able to join the first-filed collective action. In other words, Plaintiff contends that the first-to-file rule is inapplicable to the present action because the California action is no longer pending.

The parties disagree as to whether the California action is still pending. Defendants assert that the California case is pending because the settlement has not yet been completed.[1] However, Plaintiff notes that the December 6, 2018 settlement order entered in the California action stated that the case was dismissed with prejudice, and the case was closed on the same day.[2] Further, the order stated, "[b]y means of this Settlement Approval Order, this Court hereby enters final judgment in this action, as defined by Federal Rule of [Civil] Procedure 58(a)(1)." *Armstrong v. Concentrix Corp.*, No. 3:16-cv-05363-WHO, ECF No. 118. Given this language, the Court agrees with Plaintiff that the California action is no longer pending. Consequently, there is no case other than the present one that would allow the potential plaintiffs to opt in. In other words, there is no longer a first-filed action.

Because the California action has been settled and dismissed, Defendants are not having to defend against simultaneous collective actions. Further, there is no risk of inconsistent rulings because the district court in the California action never reached the merits of the case. The conservation of judicial resources is not a concern here given that any potential opt-in plaintiff who did not join the California action could file his or her own suit. In fact, judicial efficiency demands that, if possible, these individual suits should be consolidated. Because dismissal of the California action has alleviated the traditional concerns addressed by the "first-to-file" rule, the

---

[1] Defendants filed their brief in the present action before the opt-in plaintiffs' June 27, 2019 deadline for accepting or rejecting the settlement in the California action. That deadline has since passed.
[2] Nothing has been filed in the California action since the case was closed.

Court declines to apply the rule to the present case. Accordingly, the Court finds that Defendants' Motion to Dismiss Plaintiff's Class and Collective Action Claims (ECF No. 9) should be and hereby is **DENIED**.

**IT IS SO ORDERED**, this 9th day of September, 2019.

/s/ Susan O. Hickey  
Susan O. Hickey  
Chief United States District Judge