IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
EL DORADO DIVISION

**TIARA TURNER, Individually and on Behalf of All Others Similarly Situated** **PLAINTIFF**

vs. No. 1:18-cv-1072-SOH

**CONCENTRIX SERVICES US, INC., and CONCENTRIX CORPORATION** **DEFENDANTS**

**JOINT MOTION FOR APPROVAL OF SETTLEMENT**

Plaintiff Tiara Turner, individually and on behalf of all others similarly situated (collectively “Plaintiffs”), and Defendants Concentrix Services US, Inc. and Concentrix Corporation (collectively “Defendants”), by and through their respective undersigned counsel, for their Joint Motion for Approval of Settlement, hereby state and allege as follows:

1. On November 30, 2018, Plaintiff Tiara Turner (“Named Plaintiff”) filed suit on behalf of herself and others similarly situated against Defendants alleging violations of the overtime provisions of the Fair Labor Standards Act (FLSA) and the Arkansas Minimum Wage Act (AMWA). *See* ECF No. 1.

2. On March 21, 2019, Named Plaintiff filed a Motion for Conditional Certification seeking certification of a collective of “All hourly At-Home Customer Service Representatives since November 30, 2015” and requesting the issuance of Notice and Consent forms to putative members of the collective. *See* ECF No. 16.

3. Defendants opposed Plaintiffs Motion for Conditional Certification, claiming that Named Plaintiff failed to convincingly establish that potential opt-in plaintiffs were

**Page 1 of 9**
**Tiara Turner, et al. v. Concentrix Services US, Inc., et al.**
**U.S.D.C. (W.D. Ark.) No. 1:18-cv-1072-SOH**
**Joint Motion for Approval of Settlement**

similarly situated to Named Plaintiff. *See* ECF No. 26. Among other factors, Defendants specifically denied the existence of a common policy or practice of the Defendants in violation of the FLSA. *Id*.

4. This Court granted Named Plaintiff's Motion on May 9, 2019, conditionally certifying the following collective: "All hourly At-Home Customer Service Representatives since November 30, 2015" *See* ECF No. 43. The Court also allowed the issuance of Notice by U.S. mail and email. *Id.*

5. An opt-in period ensued, and 2,710 individuals returned a Consent to Join form, joining as party-plaintiffs to this lawsuit ("Opt-In Plaintiffs").

6. On February 22, 2022, the Parties attended an in-person mediation before experienced mediator John Van Winkle in Indianapolis, Indiana. While the Parties did not reach a settlement at the mediation, considerable strides toward settlement were made and settlement communications remained open between each of the Parties and the mediator.

7. Following multiple offers and counteroffers, Mr. Van Winkle submitted a mediator's proposal via email to counsel which was accepted by both Parties on May 20, 2022. The Declaration of Mr. Van Winkle is attached hereto as Exhibit 1.

8. Consistent with the terms of the agreed proposal, the Parties seek this Court's approval of their agreement as memorialized in the Settlement Agreement and Release attached hereto as Exhibit 2 ("Settlement Agreement").[1]

---

[1] The copy attached is signed by Named Plaintiff; Defendants are in the process of executing the Agreement. The Parties will supplement this Motion with a fully executed copy of the Agreement once it is signed by Defendants.

**Page 2 of 9**
**Tiara Turner, et al. v. Concentrix Services US, Inc., et al.**
**U.S.D.C. (W.D. Ark.) No. 1:18-cv-1072-SOH**
**Joint Motion for Approval of Settlement**

## Settlement Administration

9. For administration of this settlement, counsel for the Parties have used the case *Shawn Abner, et al. v. Convergys Corporation*, 1:18-cv-442-DRC, in the Southern District of Ohio, as a touchstone. In that case, as is proposed in this case, a second opt-in period was used in order to ensure that each plaintiff was a willing participant in the settlement. The Southern District of Ohio approved the process on September 7, 2022.

10. The Parties also request this Court's approval of their proposed Notice of Collective Action Settlement ("Notice") and Claim Form to be sent to Opt-In Plaintiffs following the Court's approval of the Agreement. The Notice and Claim Form are attached hereto as Exhibits 3 and 4, respectively.

11. The Parties have retained CAC Services Group, LLC, to serve as Settlement Administrator, distributing the Notice and Claim Forms as well as the settlement payments to Plaintiffs who return a Claim Form.

12. Following this Court's approval of the Agreement, the Settlement Administrator will mail the Notices and Claim Forms to Opt-In Plaintiffs. The Notice will explain the terms of the settlement, the nature of the claims made, the scope of the release, the calculation of settlement amounts, and his or her individual settlement payment.

13. Opt-In Plaintiffs will have 90 days to sign and return the Claim Form.

14. At the end of the Notice Period, the Settlement Administrator will provide counsel for the Parties with a list of all participating Plaintiffs ("Settlement Class Members"), as well as the total amount of settlement proceeds needed for the Settlement Fund.

**Page 3 of 9**
**Tiara Turner, et al. v. Concentrix Services US, Inc., et al.**
**U.S.D.C. (W.D. Ark.) No. 1:18-cv-1072-SOH**
**Joint Motion for Approval of Settlement**

15. After being provided with the list of Settlement Class Members, Counsel for Plaintiff will file a Notice of Withdrawal of Consents to Join for Opt-In Plaintiffs who have not returned Claim Forms.

16. Finally, the Parties will submit a Joint Stipulation of Dismissal retaining jurisdiction for enforcement of the agreement and the Settlement Administrator will then distribute payments to the Settlement Class Members.

**Standards for Court Approval**

This Circuit has not yet decided whether settlements under the FLSA require judicial approval. *See Barbee v. Big River Steel, LLC*, 927 F.3d 1024, 1026-27 (8th Cir. 2019) (noting split in circuit authority and declining to decide issue). However, many courts in the Eighth Circuit typically review a proposed FLSA settlement's terms for fairness to ensure the parties are not left in an "uncertain position." *See, e.g., King v. Raineri Const., LLC*, No. 4:14-cv-1828 (CEJ), 2015 WL 631253, at *2 (E.D. Mo. Feb. 12, 2015). Courts will approve a FLSA settlement agreement if it determines that the litigation "involves a bona fide dispute and that the proposed settlement is fair and equitable to all parties." *Frye v. Accent Mktg. Servs., LLC*, No. 4:13-CV-59 (CDP), 2014 WL 294421, at *1 (E.D. Mo. Jan. 27, 2014); *see also Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1353 (11th Cir. 1982).

In reviewing the settlement of a Plaintiff's FLSA claims, the district court must "ensure that the parties are not, via settlement of [the] claims, negotiating around the clear FLSA requirements of compensation for all hours worked, minimum wages, maximum hours, and overtime." *Rotuna v. W. Customer Mgmt. Grp. LLC*, No. 09-1608, 2010 WL 2490989 (N.D. Ohio June 15, 2010). The existence of a bona fide dispute serves as a

**Page 4 of 9**
**Tiara Turner, et al. v. Concentrix Services US, Inc., et al.**
**U.S.D.C. (W.D. Ark.) No. 1:18-cv-1072-SOH**
**Joint Motion for Approval of Settlement**

guarantee that the parties have not manipulated the settlement process to permit the employer to avoid its obligations under the FLSA. *Id*; *accord Ochs v. Modern Design, Inc.*, No. 14-635, 2014 WL 4983674, at *2 (N.D. Ohio Oct. 6, 2014).

**The Settlement is a Fair and Reasonable Compromise of Bona Fide Disputes**

The Settlement Agreement was reached after extensive, arms-length negotiations between experienced counsel, and it settles specific bona fide wage and hour disputes. Named Plaintiff alleged in her Complaint that Defendants subjected her and other hourly At-Home Customer Service Representatives to a common policy which required them to log-in and log-out of Defendants' computer software while "off the clock." *See* ECF No. 1. This policy allegedly led to between 25 and 40 minutes of work time each day for which Plaintiffs were not compensated, leading to overtime violations. *Id*. Defendants deny that such a policy ever existed and assert that Defendants' employees received legally adequate compensation for all hours worked. *See* ECF No. 24. Specifically, Defendants assert that they have undertaken specific policies and procedures to ensure that all hourly call center employees are paid for all time worked. Defendants allege they trained their employees to record all time worked and have automated systems that automatically clock in non-exempt employees when they first login to the Defendants' network – thus preventing any off-the-clock work.

The Agreement provides for a Plaintiff Settlement Fund of $603,500.00. Under the terms of the settlement, each Plaintiff is receiving a portion of the settlement fund in relation to their length of tenure with Defendants since November 30, 2015. Each Plaintiff is receiving approximately $7.00 per week in unpaid wages, which comes to about 35 minutes of work performed off-the clock per week using the average hourly base rate of

**Page 5 of 9**
**Tiara Turner, et al. v. Concentrix Services US, Inc., et al.**
**U.S.D.C. (W.D. Ark.) No. 1:18-cv-1072-SOH**
**Joint Motion for Approval of Settlement**

pay of all Plaintiffs. For individuals with no available data or with 2 weeks or less of tenure, a minimum of $15 was allocated. A copy of the Settlement Allocation is attached as Appendix A to the Settlement Agreement.

The amount allocated to each Plaintiff is reasonable because the settlement methodology is a compromise of vigorously disputed issues between the Parties borne out over several years of litigation. It was and continues to be Defendants' position that Plaintiffs performed no compensable off-the-clock work as they clocked in electronically immediately after turning on their computers and that, to the extent that there was any such off-the-clock work, it was de minimis and unrecoverable. The Parties had widely divergent views on what constituted the first and last compensable acts in each Plaintiff's workday.

Defendants further maintained that they did not keep a uniform policy standard to all Plaintiffs for timekeeping and that each Plaintiff's claim was subject to individual facts. Both Parties were convinced of the appeal of settlement by the delay and expense posed by continued litigation and possible trial, as well as the prospect of a much worse outcome therein. In addition to the individual payments to each Settlement Class Member, Named Plaintiff is to receive a Service Award of $9,500.00.

"It is common practice to bestow service awards on individual plaintiffs in recognition of particular contributions to the case." *Browne v. P.A.M. Transp.*, No. 5:16-CV-5366, 2020 U.S. Dist. LEXIS 135956, at *8 (W.D. Ark. July 31, 2020). As recognized by the Eighth Circuit, "courts in this circuit regularly grant service awards of $10,000 or greater." *Caligiuri v. Symantec Corp.*, 855 F.3d 860, 867 (8th Cir. 2017).

Named Plaintiff's proposed service award is reasonable because it comprises just 1.5% of the settlement fund. Further, Named Plaintiff's efforts in providing information about Defendant's complained of policy as well as the collective class which was later certified was instrumental in forming the settlement. Finally, the service award also serves as additional consideration for her general release of claims in the agreement.

In addition to awards payable to Plaintiffs, the FLSA provides for an award of reasonable attorneys' fees and costs to a prevailing plaintiff. 29 U.S.C. § 216(b) ("The court in such action shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action."). Courts value the private settlement of attorneys' fees because it prevents unnecessary litigation, and 29 U.S.C. § 216 "does not require approval of settled attorney fees." *Barbee*, 927 F.3d at 1027.

The attorneys' fees agreed upon by the parties were negotiated separately and without regard to Plaintiffs' liability damages. *See* Exhibit 1. While the Agreement discusses the award alongside and as part of the remainder of the settlement, this is purely for the convenience and finality of effecting a resolution of claims for Defendant and is not an indication that the amount was ever contemplated as a common fund with Plaintiffs' damages. Each demand submitted to Mr. Van Winkle, both during and after the mediation, was broken down into separate constituent parts: one for the liability, damages portion owed to Plaintiffs, and the second for the incurred fees and costs. Collective Counsel is also not seeking a contingency on any portion of Plaintiffs' recovery. As a result, the separately agreed fees do not affect or diminish the amount payable to any Plaintiff and Court approval is not required to effectuate this portion of the settlement. *See*

**Page 7 of 9**
**Tiara Turner, et al. v. Concentrix Services US, Inc., et al.**
**U.S.D.C. (W.D. Ark.) No. 1:18-cv-1072-SOH**
**Joint Motion for Approval of Settlement**

*id.* at 1027 ("When the parties negotiate the reasonable fee amount separately and without regard to the plaintiff's FLSA claim, the amount the employer pays to the employees' counsel has no bearing on whether the employer has adequately paid its employees in a settlement. Thus, regardless of whether we read the statute as requiring approval for FLSA settlements, we do not read it as requiring approval of settled attorney fees." (citations omitted)).

The Parties jointly submit this request for full and final approval of the Settlement Agreement.

WHEREFORE, Plaintiff and Defendants respectfully request that the Court grant their Joint Motion, approve the Settlement reached by the Parties as a fair and reasonable compromise of a bona fide dispute, approve the proposed method of distribution of Notice and Claim Forms, and for such other and further relief as this Court deems necessary, just and proper.

Respectfully submitted,

**TIARA TURNER, Individually and on Behalf of All Others Similarly Situated, PLAINTIFF**

SANFORD LAW FIRM, PLLC
Kirkpatrick Plaza
10800 Financial Centre Pkwy, Suite 510
Little Rock, Arkansas 72211
Telephone: (800) 615-4946

Josh Sanford
Ark. Bar No. 2001037
josh@sanfordlawfirm.com

Sean Short
Ark. Bar No. 2015079
sean@sanfordlawfirm.com

**Page 8 of 9**
**Tiara Turner, et al. v. Concentrix Services US, Inc., et al.**
**U.S.D.C. (W.D. Ark.) No. 1:18-cv-1072-SOH**
**Joint Motion for Approval of Settlement**

    **and CONCENTRIX SERVICES US, INC. and CONCENTRIX CORPORATION, DEFENDANTS**

*/s/ Neal Shah*
Neal Shah (admitted PHV)
FROST BROWN TODD LLC
3300 Great American Tower
301 East Fourth Street
Cincinnati, Ohio 45202
(513) 651-6800 (telephone)
(513) 651-6981 (facsimile)
nshah@fbtlaw.com

Mekesha Montgomery (admitted PHV)
FROST BROWN TODD LLC
150 3rd Avenue South, Suite 1900
Nashville, Tennessee 37201
(615) 251-5550 (telephone)
(615) 251-5551 (facsimile)
mmontgomery@fbtlaw.com

Kevin A. Crass, ABA #84029
Friday, Eldredge & Clark, LLP
400 West Capitol Avenue, Suite 2000
Little Rock, Arkansas 72201-3493
crass@fridayfirm.com

**Page 9 of 9**
**Tiara Turner, et al. v. Concentrix Services US, Inc., et al.**
**U.S.D.C. (W.D. Ark.) No. 1:18-cv-1072-SOH**
**Joint Motion for Approval of Settlement**