IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
EL DORADO DIVISION

TIARA TURNER, Individually
and on Behalf of All Others
Similarly Situated                                                                                           PLAINTIFF

v.                                            Case No. 1:18-cv-1072

CONCENTRIX SERVICES US, INC. and
CONCENTRIX CORPORATION                                                                    DEFENDANTS

## ORDER

Before the Court is the parties' Joint Motion for Approval of Settlement.  ECF No. 131. The matter is ripe for consideration.  For the following reasons, the motion will be granted.

## I.  BACKGROUND

On November 30, 2018, Plaintiff Tiara Turner filed this action individually and on behalf of all others similarly situated, alleging that Defendants willfully violated the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq*., and the Arkansas Minimum Wage Act ("AMWA"), Ark. Code Ann. § 11-4-201, *et seq*., by failing to pay them overtime compensation as required by the FLSA and AMWA.  ECF No. 1.  On February 3, 2020, the Court granted conditional certification of a collective action.  ECF No. 43.  Notice was issued to the putative collective members and 2,710 people filed consents to join the lawsuit.

Following the parties' participation in mediation, they reached a settlement of all claims, as captured in a proposed Settlement Agreement and Release filed with the Court.  ECF No. 131-2.  The parties have agreed to a second opt-in period regarding the settlement to ensure each Plaintiff is a willing participant in the settlement.  The parties now move the Court to approve the settlement, the proposed notice of settlement, the method of distribution of the notice of settlement,

and the claim form indicating a willingness to participate in the settlement payments contemplated by the Settlement Agreement. ECF Nos. 131, 131-2.

## II.  DISCUSSION

First, the Court will discuss the approval of the settlement and then the administration process for the settlement. Second, the Court will discuss the administration of the settlement.

### A.  Settlement Approval

There are two ways in which FLSA wage claims can be settled or compromised by employees with res judicata effect. First, an employee may accept payment of unpaid wages under the supervision of the Secretary of Labor and if the back wages are paid in full. *See* 29 U.S.C. § 216(c). Second, when employees bring a private action for back wages under the FLSA, the Court may enter a stipulated judgment after scrutinizing the settlement for fairness. *Beauford v. ActionLink*, 781 F.3d 396, 405 (8th Cir. 2015); *Copeland v. ABB, Inc.*, 521 F.3d 1010, 1014 (8th Cir. 2008). Most FLSA cases are not compromised under either category but, like here, are instead submitted to the district court for approval and dismissal with prejudice, which would have the same effect as a stipulated judgment. *See Melgar v. OK Foods*, No. 2:13-cv-2169-PKH, 2017 WL 10087890, at *1 (W.D. Ark. Jan. 26, 2017).

It remains an open question in the Eighth Circuit whether the FLSA requires judicial approval to settle bona fide disputes over wages owed. *See Barbee v. Big River Steel, LLC*, 927 F.3d 1024, 1026 (8th Cir. 2019); *Melgar v. OK Foods*, 902 F.3d 775, 779 (8th Cir. 2018). Acknowledging that, this Court and others in the Eighth Circuit typically review a proposed FLSA settlement's terms for fairness to ensure the parties are not left in an "uncertain position." *See, e.g., King v. Raineri Const., LLC*, No. 4:14-cv-1828 (CEJ), 2015 WL 631253, at *2 (E.D. Mo. Feb. 12, 2015). The Court will only approve a FLSA settlement agreement if it determines that

the litigation "involves a bona fide dispute and that the proposed settlement is fair and equitable to all parties." *Frye v. Accent Mktg. Servs., LLC*, No. 4:13-CV-59 (CDP), 2014 WL 294421, at *1 (E.D. Mo. Jan. 27, 2014); *see also Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1353 (11th Cir. 1982). The Court will proceed in that order.

A settlement addresses a bona fide dispute when it "reflects a reasonable compromise over issues actually in dispute." *King*, 2015 WL 631253, at *2 (citing *D.A. Schulte, Inc. v. Gangi*, 328 U.S. 108, 115 (1946)). After all, if there was no dispute that a plaintiff is owed wages, allowing settlement would effectively endorse the parties having improperly negotiated around clearly established FLSA entitlements. *Barrentine v. Ark.-Best Freight Sys.*, 450 U.S. 728, 739-40 (1981). The "threshold for establishing whether a bona fide dispute exists between the parties is a low one met where the parties are in disagreement about the wages to be paid and liability of the issues." *Netzel v. W. Shore Grp., Inc.*, No. 16-cv-2552 (RHK/LIB), 2017 WL 1906955, at *4 (D. Minn. May 8, 2017).

In the instant case, Plaintiffs, who are at-home customer service representatives, allege that Defendants subjected them to a common policy requiring them to login and logout of Defendants' computer software while "off the clock." ECF No. 131. Plaintiffs further allege that this policy led to between twenty-five (25) and forty (40) minutes of work time each day for which they were not compensated, leading to overtime violations. Defendants deny that such a policy ever existed and assert that their employees received legally adequate compensation for all hours worked. Defendants further assert that they trained their employees to record all time worked and have automated systems that clock in non-exempt employees when they first login to Defendants' network, which prevents any off-the-clock work. The Court is satisfied that this case involves bona fide disputes over FLSA provisions.

To now determine whether the proposed FLSA settlement is fair and reasonable, the Court considers the totality of the circumstances, including factors such as "the stage of the litigation and the amount of discovery exchanged, the experience of counsel, the probability of success on the merits, any 'overreaching' by the employer in the settlement negotiations, and whether the settlement was the product of an arm's length negotiations between the parties based on the merits of the case." *Trogdon v. Kleenco Maint. & Constr., Inc.*, No. 5:14-cv-5057-PKH, 2016 WL 7664285, at *2 (W.D. Ark. Nov. 18, 2016). "This approach focuses on the fairness of the process used by the parties in reaching a settlement." *Grahovic v. Ben's Richardson Pizza Inc.*, No. 4:15-cv-1659-NCC, 2016 WL 1170977, at *2 (E.D. Mo. Mar. 25, 2016).

The settlement provides compensation for the collective in the amount of $603,500.00 and attorney's fees in the total amount of $520,000.00. Under the terms of the settlement, each opt-in Plaintiff is receiving a portion of the settlement fund in relation to his or her length of tenure with Defendants since November 30, 2015. Each opt-in Plaintiff is receiving approximately $7.00 per week in unpaid wages, which calculates to approximately thirty-five (35) minutes of off-the-clock work performed per week using the average hourly base rate of pay of all Plaintiffs.

The settlement comes after the parties conducted formal discovery and participated in extensive mediation and negotiations. The parties indicate that settling is favorable here because of the delay and expense posed by continued litigation and the possibility of trial, which could result in a "much worse outcome." ECF No. 131, at 6. All parties involved have been represented by experienced counsel throughout the litigation, and the settlement is the product of mediation featuring arm's length negotiations involving counsel and an experienced mediator. *See Netzel*, 2017 WL 1906955, at *6. Accordingly, considering the totality of the circumstances, the Court finds that the settlement is fair and equitable to all parties.

To complete the analysis, the Court turns to attorney's fees. The Eighth Circuit has assumed, without deciding, that if FLSA settlements are subject to judicial review, district courts have "the authority to ensure (1) the attorney fees were in fact negotiated separately and without regard to the plaintiff's FLSA claim, and (2) there was no conflict of interest between the attorney and his or her client."[1] *Vines v. Welspun Pipes Inc.*, 9 F.4th 849, 853-54 (8th Cir. 2021) (cleaned up). If the Court answers those questions affirmatively, then it lacks the authority under the FLSA to review the settled attorney's fees. *Barbee*, 927 F.3d at 1027. If, however, the attorney's fees were not negotiated separately and apart from the merits settlement, the Court may then review the fees for reasonableness. *See Vines*, 9 F.4th at 855-57 (reviewing a reduced award of attorney's fees after finding the district court correctly determined the fees were not negotiated separately from the merits settlement).

Here, the parties represent that the amount of attorney's fees Plaintiffs' counsel will receive under the terms of the settlement were negotiated separately from Plaintiffs' FLSA claims and does not impact the settlement sums received by Plaintiffs. ECF No. 131 at 7. The affidavit of the mediator confirms the parties' representations regarding the negotiated attorney's fees. ECF No. 131-1. Thus, the Court finds no basis to doubt that the attorney's fees were negotiated separately and without regard to Plaintiffs' FLSA claims. Accordingly, the Court approves the amount of the agreed attorney's fees without inquiry or comment into the reasonableness of those fees.

### B. Administration of the Settlement

For the administration of the settlement, the parties propose a second opt-in period to

---

[1] The parties asked for the Court's approval of the FLSA settlement, so the Court uses the law to be applied if judicial review of FLSA settlements is required. *See Seow v. Miyabi Inc.*, No. 19-cv-2692 (JNE/DTS), 2021 WL 3616894, at *1 (D. Minn. July 15, 2021) (doing the same); *Bryson v. Patel*, No. 4:20-cv-0065-ERE, 2021 WL 2446352, at *1 (E.D. Ark. June 15, 2021) (same).

ensure that each Plaintiff is a willing participant in the settlement. In other words, to receive settlement funds, the opt-in Plaintiffs must indicate their willingness to participate in the settlement by filling out and returning a claim form. The parties have retained CAC Services Group, LLC, to serve as settlement administrator.

The opt-in Plaintiffs will be sent a Notice of Collective Action Settlement ("Notice") and Claim Form. The Notice will explain the terms of the settlement, the nature of the claims made, the scope of the release, and the calculation of settlement amounts. Opt-in Plaintiffs will have 90 days to sign and return the Claim Form. At the end of the notice period, the settlement administrator will provide counsel with a list of all participating Plaintiffs ("settlement class members"). After being provided with the list of settlement class members, counsel for Plaintiffs will file a notice to withdraw consent to join for any opt-in Plaintiff who fails to return the Claim Form. Finally, the parties will submit a joint stipulation of dismissal, and the settlement administrator will distribute payments to the settlement class members.

The Court has reviewed the proposed Notice (ECF No. 131-3) and Claim Form (ECF No. 131-4), and the Court approves the Notice and Claim Form as to form and substance. The proposed method of distributing notice and administering the settlement is also approved. The Court will issue a separate Order governing the administration process.

### III.  CONCLUSION

For the above-discussed reasons, the Court finds that parties' Joint Motion for Approval of Settlement (ECF No. 131) is **GRANTED**.

**IT IS SO ORDERED**, this 11th day of January, 2023.

/s/ Susan O. Hickey
Susan O. Hickey
Chief United States District Judge